Patricia Lee (8287)
Maria E. Quiroga (13939)
**HUTCHISON & STEFFEN, LLC**
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile (702) 385-2086
plee@hutchlegal.com
mquiroga@hutchlegal.com

*E-Filed on 04/07/17*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ETERNAL CHARITY FOUNDATION, a Nevada Non-Profit Corporation; THE KALGIDHAR TRUST, a Nevada Trust.<br><br>Plaintiffs,<br>v.<br><br>BBC BROADCASTING INC., a Washington Corporation and Licensee of Station KRPI (AM) 1550 KHZ, Ferndale Washington; KRPI (AM)1550 KHZ-SHER-E-PUNJAB RADIO BROADCASTING INC., a Corporation in Richmond, British Columbia; BHAG SINGH KHELA, an individual; KULDIP SINGH; an individual JAGREET SINGH | Case No: 2:16-cv-02336-JCM-CWH<br><br>**ORDER TO ENLARGE TIME AND TO SERVE SUMMONS AND COMPLAINT TO DEFENDANT AMARJIT SINGH DUGGAL BY PUBLICATION** |

GILL, an individual, AMARJIT SINGH DUGGAL, an individual.

Defendants.

IT IS HEREBY ORDERED, JUDGED AND DECREED that an Order for extending the time for service of process upon defendant Amarjit Singh Duggal by publication is hereby **GRANTED**, for the reasons set forth below.

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service is impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirement, also by concealment seeks to avoid the service of summons." When service is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating he diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price v. Dunn,* 787 P.2d 785, 787 (Nev. 1990); *Abreu v. Gilmer,* 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera,* 874 P.2d 1240, 1241 (Nev. 1994).

Further, Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2003). The [90]-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance."

Here, personal service to defendant Mr. Duggal has been impossible despite plaintiffs' diligent efforts. Service has been attempted on multiple dates, (11/14, 12/4, 12/5, 12/6), multiple locations (three different addresses) and in conjunction with a through effort to identify the proper individual and locale for service. After plaintiff's first request to extend time to enlarge service, further due diligence was conducted by private investigator, Bert Lott. Mr. Lott's investigation included databases and other investigate sources such as credit histories, motor vehicle records, utilities, public records, phone records, property records, court records, recorded documents, and other forms of recorded information. Mr. Duggal's exact whereabouts remain to be unknown. Nevertheless, upon information and belief, Mr. Duggal is aware this action has been initiated against him and may be intentionally evading service. Defendant Jagreet Singh Gill who has been served and has answered the complaint is a close friend to Mr. Duggal who may have informed Mr. Duggal that this lawsuit is pending. Plaintiffs also have an email address for Mr. Duggal that upon information and belief is a valid email address. Plaintiffs will send Defendant Duggal a copy of the publication via email. Multiple addresses were found, the viable address had already been attempted. Accordingly, the Court GRANTS plaintiffs' motion.

IT IS FURTHER ORDERED, JUDGED AND DECREED that an Order extending the time for service in this matter for an additional (90) days from Notice of entry of this Order is hereby granted.

IT IS FURTHER ORDERED, JUDGED AND DECREED that Court GRANTS the motion for service by publication. Plaintiffs should comply with the requirements of Nevada Rule Civil Procedure 4 and shall:

(a) Serve Defendant Amarjit Singh Duggal by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

//

//

(b) After publication is complete, Plaintiffs shall file an Affidavit of Publication from the Nevada newspaper.

IT IS SO ORDERED.

DATED: April 10, 2017

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

Submitted by:

HUTCHISON & STEFFEN, LLC

/s/ Maria E. Quiroga
_____
Patricia Lee (8287)
Maria E. Quiroga (13939)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:    (702) 385-2500
Fax:    (702) 385-2086
plee@hutchlegal.com
mquiroga@hutchlegal.com

*Attorneys for Plaintiffs*