UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ETERNAL CHARITY FOUNDATION, et al., | Case No. 2:16-CV-2336 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| BBC BROADCASTING, INC., et al., | |
| Defendant(s). | |

Presently before the court is a motion to dismiss filed by defendants BBC Broadcasting, Inc. ("BBC"), KPRI-AM 1550 kHz-Sher-E-Punjab Radio Broadcasting, Inc. ("KPRI"), and Bhag Singh Khela ("Khela"). (ECF No. 17). Plaintiffs Eternal Charity Foundation ("Eternal") and Kalgidhar Trust ("KT") filed a response (ECF No. 38), to which defendants replied (ECF No. 54).

Also before the court is *pro se* defendant Jagreet Singh Gill's motion to dismiss. (ECF No. 23). Plaintiffs filed a response (ECF No. 33), to which Gill replied (ECF No. 55).

Also before the court is plaintiffs' motion for leave to amend/correct complaint. (ECF No. 58). BBC filed a response (ECF No. 60), to which plaintiffs replied (ECF No. 62).

**I.      Facts**

The instant action involves allegedly false statements made by defendants over broadcast radio, on Facebook, and on YouTube.

On October 6, 2016, plaintiffs filed the underlying complaint against defendants BBC, KPRI, Khela, Gill, Kuldip Singh ("Singh"), and Amarjit Singh Duggal ("Duggal"), alleging six causes of action: (1) defamation; (2) slander *per se*; (3) libel *per se*; (4) false light; (5) preliminary and permanent injunction; (6) intentional interference with prospective economic advantage. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On November 23, 2016, Gill filed an answer. (ECF No. 12). On December 27, 2016, plaintiff voluntarily dismissed defendants KPRI and Khela. (ECF No. 31). Defendants Singh and Duggal have yet to be served.

In the instant motions, BBC moves to dismiss for lack of personal jurisdiction and improper venue (ECF No. 17), Gill moves to dismiss for lack of personal jurisdiction and improper venue (ECF No. 23), and plaintiffs move for leave to amend their complaint (ECF No. 58). The court will address each as it sees fit.

## II. Legal Standards

### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations would establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). To satisfy due process, a court may exercise personal jurisdiction over a defendant only where the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

### B. Venue

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may rely on improper venue as a valid defense to a plaintiff's claim. To withstand dismissal under Rule 12(b)(3), plaintiff bears the burden to establish that venue is properly in this district. *Nat'l Fitness Co. v. Procore Labs., LLC*, 2:10-cv-2168-JCM (RJJ), 2011 WL 2463296, at *1 (D. Nev. June 20, 2011) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). In a civil action, venue is proper in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Further, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Similarly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Nonetheless, the district court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### C. Amend

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given.

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion to amend . . . ." LR 15-1(a).

### III. Discussion

As an initial matter, the court acknowledges that defendant Gill's answer, motion, and reply were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

#### A. Personal Jurisdiction

The complaint alleges that defendants are subject to personal jurisdiction in Nevada because the false and defamatory statements were broadcasted/published in Nevada and because the defamatory statements targeted plaintiffs, who are residents of Nevada. (ECF No. 1).

Plaintiff Eternal is a Nevada nonprofit corporation with its principal place of business in Nevada. (ECF No. 1 at 2). Plaintiff KT is a Nevada trust with offices in the United States, United Kingdom, and Canada. (ECF No. 1 at 2).

. . .

. . .

. . .

### *1. General Jurisdiction*

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 414–16). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially at home in that forum. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

No general jurisdiction exists as defendants BBC and Gill are not residents of Nevada. Defendant BBC is a Washington corporation and a licensee of KPRI. (ECF No. 17 at 6). Defendant Gill is resident of Virginia. (ECF No. 1 at 3). Therefore, BBC and Gill are not essentially "at home" in Nevada.

### *2. Specific Jurisdiction*

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*. (citations omitted).

The complaint fails to allege that BBC or Gill directed any activities or consummated any transaction with Nevada or plaintiffs. Nor does the complaint allege any purposeful availment by BBC or Gill to the benefits and protections of Nevada's laws. While the complaint merely alleges that BBC's and Gill's defamatory statements were broadcasted and/or published in Nevada, it fails

to set forth any facts in support of that allegation. The complaint merely asserts that defamatory statements were broadcasted on KPRI and YouTube and that written statements were found on Gill's Facebook page. The complaint does not assert that any of these false statements were actually accessed in Nevada or that any of these mediums targeted Nevada.

Further, plaintiffs fail to allege that their injuries arose out of or relates to BBC's or Gill's forum-related activities. Rather, the complaint merely alleges that it was injured by the allegedly false and defamatory statements.

In light of the foregoing, plaintiffs have failed to satisfy either of the first two prongs of the test so as to establish personal jurisdiction in Nevada. Accordingly, the court will grant BBC's and Gill's motions to dismiss for lack of personal jurisdiction.[1] As such, the court need not reach the venue issue.

**B. Amend**

Plaintiffs request leave to amend their complaint. (ECF No. 58). However, the proposed amended complaint does not cure the aforementioned deficiencies. (ECF No. 59-1).

The proposed amended complaint alleges that "[t]he Nevada Sikh community listened to the broadcast at issue in Nevada" and that "KPRI has a distinct market aimed and limited to the Sikh community and Punjabi speakers." (ECF No. 59-1 at 7). The proposed amended complaint further alleges that there are five Sikh temples in Nevada. (ECF No. 59-1 at 7). However, the proposed amended complaint fails to allege that KPRI targeted these Sikh temples in Nevada.

In light of the foregoing, the court finds that amendment would be futile as the proposed amended complaint fails to cure the aforementioned deficiencies. Accordingly, the court will deny plaintiffs' motion for leave to amend the complaint.

. . .

. . .

. . .

. . .

---

[1] While Gill filed the instant motion (ECF No. 23) after filing his answer (ECF No. 12), the court finds that *pro se* defendant Gill sufficiently preserved his 12(b)(2) defense under Rule 12(h)(1)(B)(ii) by denying jurisdiction in his answer.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BBC's motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED WITHOUT PREJUDICE consistent with the foregoing.

IT IS FURTHER ORDERED that Gill's motion to dismiss (ECF No. 23) be, and the same hereby is, GRANTED WITHOUT PREJUDICE consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to amend/correct complaint (ECF No. 58) be, and the same hereby is, DENIED.

DATED April 12, 2017.

_____
UNITED STATES DISTRICT JUDGE